IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOAO MONTEIRO,** | : | |
| Petitioner | : | |
| | : | No. 1:23-cv-00731 |
| v. | : | |
| | : | (Judge Kane) |
| **CRAIG A. LOWE,** | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Joao Monteiro ("Petitioner"), a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) He challenges his continued detention and requests his immediate release. (Id.) For the reasons set forth below, the petition will be dismissed as moot.

**I.   BACKGROUND**

Petitioner is a native and citizen of Cape Verde. (Doc. Nos. 13-1 at 4–7; 13-2 at 3.) He was admitted to the United States on July 2, 1982, at New York, New York. (Doc. No. 13-1 at 5–6.) Thereafter, on December 29, 1997, Petitioner was arrested and charged with murder in the first degree and conspiracy to commit murder in the first degree. (Id. at 5, 23, 27.) A jury found him guilty of both charges. (Id. at 5, 23, 27–28.) He was sentenced to life in prison for the murder conviction, as well as a ten (10)-year concurrent term for the conspiracy conviction. (Id. at 28.) Although Petitioner appealed his conviction (id. at 40–67), it was affirmed by the Supreme Court of Rhode Island on December 4, 2002. See State of Rhode Island v. Jorge DePina, et al., 810 A.2d 768 (R.I. 2002).[1]

---

[1] Jorge DePina was one of Petitioner's co-defendants. (Doc. No. 13-1 at 42.)

On March 9, 2022, upon the conclusion of Petitioner's incarceration for his state-court convictions, ICE Enforcement and Removal Operations officers took him into custody and served him with a Notice to Appear. (Doc. No. 13-1 at 4–7.) Petitioner was charged as being removable pursuant to Section 212(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") in that he was "convicted of an aggravated felony as defined in section 101(a)(43)(A)[,] a law relating to Murder[.]" (Doc. No. 13-2 at 3.)

On March 24, 2022, Petitioner appeared before an immigration judge. (Doc. No. 13-4.) Petitioner expressed that he was represented by an immigration attorney, and, as a result, the immigration judge adjourned the matter so that Petitioner's attorney could appear. (Id. at 6–10.) On April 28, 2022, Petitioner appeared with his attorney before the immigration judge, who again adjourned the matter so that Petitioner's attorney had time to prepare for a merits hearing. (Doc. No. 13-5 at 1, 4–5.)

On May 12, 2022, a hearing was held before the immigration judge, at which Petitioner conceded the sole charge of removability. (Doc. No. 13-6 at 1, 4.) Petitioner, however, sought relief from removability under the Convention Against Torture. (Id. at 4.) Based upon Petitioner's admissions, the Government's documentary evidence, and Petitioner's murder conviction in Rhode Island, the immigration judge concluded that Petitioner was subject to removal, as charged under Section 212(a)(2)(A)(iii) of the INA. (Id. at 4–5.) The immigration judge designated Cape Verde as the country of removal, and scheduled a merits hearing for Petitioner's application for relief under the Convention Against Torture. (Id. at 6, 7–8.)

Prior to the hearing, Petitioner's attorney withdrew her representation, and Petitioner was afforded additional time to find legal representation or to represent himself. (Doc. No. 13-7 at 2–6.) On July 19, 2022, Petitioner expressed that he would represent himself at the merits

hearing. (Doc. No. 13-8 at 1, 3–5.) Following the merits hearing, the immigration judge denied Petitioner's application for relief from removability under the Convention Against Torture. (Doc. Nos. 13-10, 13-11.) In addition, the immigration judge ordered Petitioner removed to Cape Verde. (Id.) Petitioner reserved his right to appeal. (Doc. No. 13-11 at 3.)

On December 19, 2022, the Board of Immigration Appeals, Office of the Clerk issued a briefing schedule for Petitioner's appeal, with briefs due on or before January 9, 2023. (Doc. No. 13-12 at 1.) Petitioner's subsequent request for an extension of that briefing deadline was denied. (Doc. No. 13-13 at 1.) Thereafter, on February 23, 2023, the Board of Immigration Appeals affirmed the immigration judge's decision to remove Petitioner to Cape Verde. (Doc. No. 13-14 at 1–2.)

On March 17, 2023, Petitioner filed a petition for review and motion for stay of removal with the United States Court of Appeals for the Third Circuit. See generally Monteiro v. Attorney General United States of America, No. 23-1509 (3d Cir. filed March 17, 2023). On that same date, the Third Circuit entered a temporary administrative stay. See id. Thereafter, on May 17, 2023, the Third Circuit issued an Order denying Petitioner's motion for a stay of removal and vacated the temporary administrative stay. See id.; (Doc. No. 13-15). On June 6, 2023, the Third Circuit dismissed Petitioner's petition. (Doc. No. 13-16 (stating that Petitioner had failed to timely prosecute in that he failed to file a brief and appendix as directed).)

On May 3, 2023, while Petitioner was detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania, he commenced the above-captioned action by filing the instant Section 2241 petition and supporting brief. (Doc. Nos. 1, 2.) In his petition, he challenges his continued detention and requests that the Court order his immediate release from ICE custody. (Doc. No. 1.)

3

On June 8, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and directed Respondent to respond to the allegations contained in the petition withing twenty (20) days. (Doc. No. 9.) On June 26, 2023, Respondent filed an initial response to the petition, arguing that it should be dismissed because Petitioner is lawfully detained under 8 U.S.C. § 1231 as an alien subject to a final order of removal, whose removal was significantly likely in the reasonably foreseeable future. (Doc. No. 12.) On July 7, 2020, Respondent filed a supplemental document, titled suggestion of mootness, indicating that Petitioner had been removed to Cape Verde. (Doc. No. 14.)

Three (3) days later, on July 10, 2023, the Court directed Petitioner to file a response to Respondent's suggestion of mootness. (Doc. No. 15.) Petitioner has not filed a response, and the time period for doing so has passed. In addition, on July 24, 2023, mail, which had previously been sent to Petitioner, was returned to the Court as undeliverable with a note that states, "NO LONGER HERE." (Doc. No. 16.) Thus, the instant Section 2241 petition is ripe for the Court's disposition.

**II.   DISCUSSION**

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition

generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

These principles apply "with particular force to habeas petitions filed in immigration matters." See Beresford v. Doll, No. 20-cv-00525, 2021 WL 199353, at *1 (M.D. Pa. Jan. 20, 2021). As recognized by the United States Court of Appeals for the Third Circuit, administrative action taken by immigration officials addressing the concerns raised by an alien's habeas petition renders that petition moot. See Burke v. Gonzales, 143 F. App'x 474, 476 (3d Cir. 2005) (unpublished). For instance, a habeas petition challenging the petitioner's continued detention by ICE, on the ground that there is no significant likelihood of removal in the reasonably foreseeable future, is rendered moot once the petitioner is released from detention pending his removal from the United States. See Sanchez v. Attorney General, 146 F. App'x 547, 549 (3d Cir. 2005) (unpublished). Similarly, a habeas petition challenging the legality or duration of a petitioner's detention by ICE is rendered moot once the petitioner has been removed or deported from the United States. See Lindaastuty v. Attorney General, 186 F. App'x 294, 298 (3d Cir. 2006) (unpublished).[2]

Here, Respondent attests that Petitioner has been removed from the United States (Doc. No. 14), and a search of ICE's online detainee locator system reveals no results for him. In addition, mail, which was previously sent to Petitioner by the Court, was returned as undeliverable based upon the assertion that he is "NO LONGER HERE," i.e., at Pike County

---

[2] Although these Third Circuit decisions are non-precedential, they are highly persuasive as a "paradigm of the legal analysis [that this Court] should . . . follow." See Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996). And, ultimately, the Court agrees with the reasoning of these decisions and concludes that, because Petitioner has "been deported and is, therefore, no longer in custody, the challenge to [his] detention is moot and the habeas petition must be dismissed." See Lindaastuty, 186 F. App'x at 298.

Correctional Facility. (Doc. No. 16.) Thus, it is apparent that Petitioner is no longer in ICE custody and that this Court is unable to grant Petitioner the relief that he seeks in his Section 2241 petition. As a result, the Court will dismiss the petition as moot. See <u>Hamilton v. Bromley</u>, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that, under Third Circuit precedent, "a case is moot if developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief" (citation and internal quotation marks omitted)).

**III.    CONCLUSION**

Accordingly, for the reasons set forth above, the Court will dismiss the instant Section 2241 petition as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
